STATE OF WEST VIRGINIA

**FILED**

**March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **Z.S.**

**No. 20-0581** (Harrison County 19-JA-5-2)

**MEMORANDUM DECISION**

Petitioner Father R.D., by counsel Perry B. Jones, appeals the Circuit Court of Harrison County's June 26, 2020, order terminating his parental and custodial rights to Z.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Julie N. Garvin, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that he could substantially correct the conditions of neglect or abuse in the near future and in terminating his parental and custodial rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2019, the DHHR filed a child abuse and neglect petition alleging that Z.S.'s twin sister died at the mother's home that month. The DHHR alleged that, upon investigation, Z.S. was immediately taken to the emergency room after she was observed to be feverish, coughing, and vomiting. Z.S. was later diagnosed with bronchiolitis and Respiratory Syncytial Virus. The DHHR alleged that the twins were born prematurely and were susceptible to breathing problems. The twins had been prescribed albuterol since 2015 to provide relief from the breathing issues, but the prescription had lapsed in April of 2018 and was never renewed. The DHHR further alleged

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

that petitioner and the mother were chronic substance abusers, which the mother had admitted. Petitioner waived his right to a preliminary hearing.

In February of 2019, petitioner stipulated to chronic marijuana abuse and that he had failed to protect the child from the mother's substance abuse. The circuit court adjudicated petitioner as an abusing parent and, upon his motion, granted him a post-adjudicatory improvement period in March of 2019. Upon agreement of the parties, the circuit court granted petitioner a six-month dispositional improvement period in October of 2019. As terms of this improvement period, petitioner agreed to participate in outpatient substance abuse, address mental health issues and attend counseling, participate in random drug screenings, and participate in in-home services, which included parenting classes and supervised visitation.

The circuit court held the final dispositional hearing in June of 2020. At the hearing, a DHHR worker testified that petitioner failed to participate in the terms of his improvement period. Petitioner failed to engage in substance abuse treatment and failed to consistently participate in random drug screenings. The DHHR introduced the results of six drug screens to which petitioner submitted, and all six indicated a diluted, or inconclusive, sample. Petitioner had neglected to submit to any drug screens since September of 2019. The circuit court noted its concern that petitioner was intentionally attempting to mask the results of the tests. Additionally, the DHHR worker testified that petitioner failed to participate in supervised visitations. Petitioner's first referral for visitation was closed in July of 2019, due to his noncompliance. The second referral began in September of 2019 but was again closed in October of 2019 after petitioner was late to a visit, sent rude text messages to the provider, and failed to confirm visitations per the provider's protocol. The worker noted that petitioner completed parenting classes and initiated counseling but failed to comply with the remaining terms of the improvement period. Although present in person, petitioner did not testify or present any evidence.

Ultimately, the circuit court found that there had "been no evidence to show a change in the conditions that brought about the filing of the petition." The court further found that petitioner "refused to cooperate to develop a reasonable case plan, failed to follow through with the case plan provided, and continued his substance use and dependence which seriously impaired his ability to parent" the child. The circuit court concluded that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that it was necessary for the welfare of the child to terminate petitioner's parental and custodial rights. Accordingly, the circuit court terminated petitioner's parental and custodial rights by its June 26, 2020, order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[2]The mother consented to the termination of her parental and custodial rights during the proceedings below. According to the parties, the permanency plan for the child is adoption in her current placement by a relative.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that he could substantially correct the conditions of neglect or abuse in the near future. Petitioner emphasizes testimony that he participated in parenting classes and counseling on his own accord, and, therefore, the record reflects that the conditions of neglect and abuse could be corrected. We disagree and find petitioner is entitled to no relief.

The circuit court's finding that there was no reasonable likelihood that petitioner could correct the conditions of neglect or abuse in the near future was critical to its ultimate decision to terminate his parental and custodial rights. West Virginia Code § 49-4-604(c)(6) provides that a circuit court may terminate a parent's parental and custodial rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination of parental rights is "necessary for the welfare of the child." West Virginia Code § 49-4-604(d) adds further guidance and provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "the abusing adult or adults have demonstrated an inadequate capacity to solve problems of abuse or neglect on their own or with help." This subsection also provides a nonexclusive list of circumstances where these conditions exist, including when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

*See* W. Va. Code § 49-4-604(d)(3).

In this case, while petitioner's participation in counseling and parenting classes is admirable, the evidence proved that petitioner failed to follow through with a reasonable family case plan and that the conditions which threatened the health, welfare, and life of the child continued. Petitioner stipulated to chronically abusing marijuana and to failing to protect the child from her mother's substance abuse. However, the evidence provided showed that he failed to participate in any substance abuse treatment to remedy this condition of neglect. Further, petitioner failed to participate in random drug screening, with the exception of those tests of which the circuit court found he had attempted to "mask" the results. Despite petitioner acknowledging his

substance abuse as a factor of the child's neglect, the evidence clearly shows he made no progress in remedying this condition.

Moreover, petitioner failed to participate in another significant term of his improvement period, supervised visitation. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). At the time of the final dispositional hearing in June of 2020, petitioner had not visited with the child in eight months (since October of 2019). This failure serves to underscore the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect or abuse in the near future. We find the circuit court did not err.

Petitioner also argues that the circuit court erred in terminating his parental and custodial rights rather than imposing a less-restrictive dispositional alternative. He asserts that the circuit court "made no specific findings evidencing why termination was the only [d]isposition[al] option." This argument is not sound. As discussed above, the finding required to terminate a parent's parental and custodial rights is that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future." As we have previously held,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). While the ultimate decision is one of the circuit court's discretion, this finding clearly permits the termination of parental and custodial rights. Likewise, it was necessary for the welfare of the child to terminate petitioner's parental and custodial rights so that she could find permanency with a fit caretaker, rather than petitioner, who had failed for over a year to remedy the conditions of neglect. Accordingly, we find no error in the circuit court's termination of petitioner's parental and custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 26, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: March 16, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton